UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORRIE A. HELMS, et al,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RAM TRUCKING, INC., et al,<br><br>　　　　　Defendants. | CASE NO. C10-5380BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ORDERING PLAINTIFFS TO SHOW CAUSE |

This matter comes before the Court on Defendant Ram Trucking, Inc.'s ("Ram") motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Ram's motion to dismiss and orders Plaintiff Lorrie Helms ("Helms") to show cause why the motion should not be dismissed for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On May 3, 2010, Helms filed a complaint in the Thurston County Superior Court of Washington against Defendants Ram and Jeremy Smith ("Smith"). Dkt. 2, Ex. 1. The complaint alleged that Ram and Smith negligently caused the death of her husband on October 22, 2007. *Id*. On May 5, 2010, the action was removed to this Court pursuant to 28 U.S.C. § 1332. Dkt. 7. On June 22, 2010, Helms' counsel withdrew as the attorney of record and Helms proceeded *pro se*. Dkt. 11. A current address for Helms was included in

ORDER – 1

1 the notice of withdrawal. *Id*. Ram alleges that they have attempted to contact Helms on
2 July 26, 2010, August 25, 2010, September 3, 2010, and September 14, 2010 in order to
3 comply with the Court's orders for disclosures and discovery (Dkts. 9, 10) and have not
4 received a response. Dkt. 12. On October 19, 2010, Ram filed the instant Fed. R. Civ. P.
5 41(b) motion to dismiss for failure to prosecute. Dkt. 13. Helms has yet to file a response.
6 On November 12, 2010, Ram filed its reply. Dkt. 15.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-6 (9th Cir. 1992) (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

In determining whether Helms' failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors set forth in *Ferdik*. Here, as in *Ferdik*, the first two factors strongly support dismissal of this action. Helms' failure to comply with the Local Rules and the Court's orders suggests that she has abandoned this action and that further time spent by the Court thereon will consume scarce judicial resources in addressing litigation which a plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to Ram from Helms' failure to oppose the motion, also favors dismissal. Helms' failure to oppose the motion prevents Ram from addressing Helms' substantive opposition, and would delay resolution of this action, thereby causing Ram to incur additional time and expense.

ORDER – 2

The fifth factor also favors dismissal. The Court previously advised Helms of the requirements under the Local Rules and ordered Helms to participate in a joint status report and discovery plan. *See* Dkts. 9, 10. However, considering that Helms is now proceeding *pro se*, the Court, in lieu of dismissal, orders Helms to show cause why the action should not be dismissed and to immediately comply with the Court's orders. *See* Dkts. 9, 10.

The fourth *Ferdik* factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. Here, Helms' cause of action has a three-year statute of limitation. *See Sabey v. Howard Johnson & Co.*, 101 Wn. App. 575, 5 P.3d 730 (2000). A dismissal by this Court may severely prejudice Helms' ability to bring a meritorious claim for the death of her husband. Therefore, the Court denies the motion to dismiss without prejudice.

Additionally, Rule 12 of the Federal Rules of Civil Procedure informs a plaintiff of what must be shown in order to defeat a motion to dismiss. Generally, a motion under this rule must be granted when a plaintiff has failed to state a claim for which the law provides relief or the plaintiff has failed to plead facts that would support a theory available under the law. In other words, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts sufficient to support a case under the law, the party who asked for dismissal is entitled to judgment, which will end a plaintiff's case. When, as here, the motion to dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a plaintiff may not be able to simply rely on what is stated in the complaint. Instead, where a complaint is factually deficient, a plaintiff must set out specific facts in declarations, or authenticated documents, or an amended complaint, that contradict the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory.

If Ram chooses to renew its motion to dismiss on the basis of Rule 12 and Helms does not adequately respond, then dismissal will likely be granted.

ORDER – 3

## III. ORDER

Therefore, the Court **DENIES** without prejudice Ram's motion to dismiss for the reasons stated herein and **ORDERS** Helms to show cause, by **January 5, 2011**, why this action should not be dismissed. If Helms chooses to continue prosecuting this case, she must immediately comply with the Court's order to participate in preparing a joint status report and discovery plan. *See* Dkt. 10.

DATED this 8th day of December, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4